# Richmond.

## LANE V. COMMONWEALTH.

### March 21, 1918.

### Absent, Sims, J.

1.  INTOXICATING LIQUORS—*Indictment and Information—Keeping for Sale.*—The accused was convicted of a violation of the prohibition law, Acts 1916, chapter 146, page 215. The indictment was in the form authorized by section 7 of the act, which prescribes a form that shall be sufficient for any first offense under sections 3, 4 and 5 of the act. The Commonwealth sought and obtained a conviction under section 17 of the act, which makes it unlawful to keep ardent spirits in any quantity "in a place reputed to be a house of prostitution."

    *Held:* That this it could not do under the blanket indictment allowed by section 7.

2.  INTOXICATING LIQUORS—*"Keep."*—The word "keep," as used in section 3 of the prohibition act, means keep for sale. So, in the instant case, in order to convict under that section it was necessary for the Commonwealth to show that the keeping was for sale, but this the Commonwealth did not do nor attempt to do.

3.  INTOXICATING LIQUORS—*Presumptions and Burden of Proof—Possession of Liquor.*—Under section 65 of the prohibition act, the possession of more than one gallon of distilled liquor in one's home is made *prima facie* evidence of a possession for the purpose of sale, but the evidence is only *prima facie* and may be rebutted.

4.  INTOXICATING LIQUORS—*Presumptions and Burden of Proof—Possession of Liquor—Case at Bar.*—In the case at bar, according to the evidence for the Commonwealth, slightly more than one gallon of whiskey was found in the home of the defendant, but the defendant offered evidence to show that it was not all his, and that what did belong to him had been acquired by him for his personal use before November 1, 1916. If the jury believed this, they could not convict him of any offense charged in either section 3, 4 or 5, but the jury was deprived of the opportunity of considering this aspect of the case by the ruling of the trial court in the admission of evidence and

by its instruction to the jury. The trial court, over the objection of the defendant, admitted evidence that the defendant's home was reputed to be a house of prostitution, and instructed the jury that "it is enough to convict if you believe from the evidence that the whiskey in evidence was the defendant's and that it was a house resorted to for the purpose of prostitution."

*Held:* That the defendant might have been prejudiced by this evidence and instruction, and for that reason the judgment of conviction was reversed and a new trial awarded.

Error to a judgment of the Corporation Court of city of Hopewell.

*Reversed.*

The opinion states the case.

*Robert G. Hundley* and *C. H. Morrisette,* for the plaintiff in error.

*Attorney-General J. D. Hank, Jr.,* and *Assistant Attorney-General Leon M. Bazile,* for the Commonwealth.

BURKS, J., delivered the opinion of the court.

The plaintiff in error was convicted of a violation of the prohibition law, Acts 1916, chapter 146, page 215. The indictment was in the form authorized by section 7 of the act. This section declares that "while any good and sufficient indictment may be used, an indictment for any first offense under sections 3, 4 and 5 of this act shall be sufficient if substantially in the form, or to the effect" set forth in that section. The only provision in either sections 3, 4 or 5 which bear upon the case is the provision in section 3 which declares that "it shall be unlawful for any person in this State to * * * keep * * * ardent spirits, except as hereinafter provided," but it was held in *Pine and Scott* v. *Commonwealeh,* 121 Va. 812, 93 S. E.

652, that the word "keep," as used in section 3 meant keep for sale. So that in order to convict under that section it was necessary for the Commonwealth to show that the keeping was for sale, but this the Commonwealth did not do nor attempt to do. It sought and obtained a conviction under section 17 of the act which makes it unlawful to keep ardent spirits in any quantity "in a place reputed to be a house of prostitution." This it could not do under the blanket indictment allowed by section 7. The use of that form is limited by its terms to offenses under sections 3, 4 and 5. Under section 65 of the act, the possession of more than one gallon of distilled liquor in one's home is made *prima facie* evidence of a possession for the purpose of sale, but the evidence is only *prima facie* and may be rebutted. In the case at bar, according to the evidence for the Commonwealth, slightly more than one gallon of whiskey was found in the home of the defendant, but the defendant offered evidence to show that it was not all his, and that what did belong to him had been acquired by him for his personal use before November 1, 1916. If the jury believed this, they could not convict him of any offense charged in either section 3, 4 or 5, but the jury was deprived of the opportunity of considering this aspect of the case by the ruling of the trial court in the admission of evidence and by its instruction to the jury. The trial court, over the objection of the defendant, admitted evidence that the defendant's home was reputed to be a house of prostitution, and instructed the jury that "it is enough to convict if you believe from the evidence that the whiskey in evidence was the defendant's and that it was a house resorted to for the purpose of prostitution." The court seems to have intended to convey to the jury the idea that if they believed the defendant's house was resorted to for the purpose of prostitution, they must convict if *any* whiskey was found there, however little or whenever obtained, and this

would have been correct, if the defendant had been indicted under section 17, but he was not. The instruction cut off from the jury, or tended to do so, the consideration of the evidence of the defendant tending to show that his possession was a lawful possession. The defendant may have been prejudiced by this evidence and instruction, and for that reason the judgment of conviction must be reversed and a new trial awarded.

*Sawyer* v. *Commonwealth*, 88 Va. 356, 13 S. E. 708; *Doyle* v. *Commonwealth*, 100 Va. 808, 40 S. E. 925, and cases cited.

It is unnecessary to consider other assignments of error, as they are not likely to occur on another trial.

*Reversed.*